## STATE COURT OF APPEALS—Continued

reason that it was the only representative soldier organization whose activities and benefits accrued to the ex-service men and the late World War. The Lorain Community Chest Association demurred to this petition. The demurrer was sustained, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As it was not alleged that it was impossible to execute the trust and use the funds for the benefit of the soldiers, nor that the funds should be used for a different purpose, or that the trustees had committed any fraud or wrongful act or misconduct which would justify their removal, the petition failed to state a cause of action, as there was nothing stated therein that would justify the court in granting the relief prayed for.

Attorneys—Day, Isaacs & Corrigan, Cleveland, for Lorain Post No. 39, American Legion; Glitsch & Stack, Lorain, for Lorain Chest.

### No. 665
### CLEV.-AKRON BAG CO. v. JAITE
Ohio Appeals, 9th Dist., Summit County
No. 844. May 26, 1924

683. JURY—Where juror approached plaintiff and asked to see plaintiff's injured hand, which was then exhibited to the juror—held: Such misconduct was not sufficient to warrant a new trial.

PARDEE, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas wherein Earl E. Jaite, an infant, was plaintiff and the Cleveland-Akron Bag Co. was defendant. Plaintiff claimed damages for personal injuries received from the explosion of a dynamite cap, which he alleged was dumped in the road by defendant. During the progress of the trial one of the jurors approached the mother of plaintiff and conversed about the mother's baby and then asked to see the injured hand of plaintiff, whereupon plaintiff approached and exhibited his injured hand to the juror. Upon verdict and judgment being rendered for plaintiff, the Bag Co. prosecuted error on the ground of misconduct of said juror. The Court of Appeals held:

Where the prevailing party or someone for him has been guilty of misconduct with one of the jurors, the burden is cast upon him clearly to show that it was not intended to influence the conduct of the juror and in fact had no such result. But where the prevailing party is free from fault and the misconduct of the juror does not show any bias or prejudice for or against either party, it will not be ground for annulling the verdict.

This court is of opinion that the juror's misconduct in this case was not such as to warrant the granting of a new trial. Judgment affirmed.

Attorneys—Musser, Kimber & Hoffman, for Bag Co.; Rockwell & Grant, for Jaite; all of Akron.

### No. 666
### DOVER (Village) v. BAY (Village)
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5100. July 1, 1924 '
Middleton, P. J., Mauck and Sayre, JJ., sitting.

1179. TOWNSHIPS—Upon division of a township into separate units, realty used for park purposes, situated in one of the new units, becomes the property of the new unit to the exclusion of the old unit.

MAUCK, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas to quiet title wherein the Village of Dover and others were defendants, and the Village of Bay was plaintiff. In 1899, Dover was one of the townships of Cuyahoga County and the trustees of the township bought the land in question, consisting of less than two acres along the lake shore and within the township, for a public park. In 1901 the hamlet of Bay was erected in said township and the boundaries of the hamlet included the land in question. In 1902, by statute the hamlet of Bay became the village of Bay. Later the village of Bay was detached from the township of Dover and was erected into the separate township of Bay. The remainder of the township of Dover was divided, one part becoming another separate township and the remnant left becoming what is now the village of Dover. Neither the old township of Dover nor any of the new subdivisions ever executed a conveyance to the land in question. The Common Pleas decreed the relief sought and the village of Dover alone prosecuted error to the Court of Appeals, which held:

The taxpayers whose money went into the original purchase are beyond identification and the real estate subjected to taxation at that time is partly in the village of Dover, partly in the village of Bay and partly in another village, made defendant herein. The question is whether, by operation of law, the legal title to the property in question passed into the township in which it was situated or remained in the old township, which retained the original name of Dover.

On the absence of specific statutory adjustment of the matter the new subdivision may have that portion of the public property that

falls within its boundaries and the old unit owns only the public property within its new limits. 39 L. A. R. (N. S.) 285. This court does not hold that all public property within its boundaries vested in the new political unit, but it does so hold regarding the property in question, which was admittedly acquired for park purposes. The village of Bay, however, is only the holder of the bare legal title to the property with power to administer a trust for the benefit of the people. With this modification the judgment will be affirmed.

Attorneys—Locher, Green & Woods, for Dover Village; Landfear, Baskin & Fleharty, for Bay Village; all of Cleveland.

---

## No. 667

### KLONOWSKI v. ADAMOWICZ

Ohio Appeals, 8th Dist., Cuyahoga County

No. 5094. May 26, 1924

**599. GUARANTY—Verbal promise of clear title to land sold is insufficient.**

John Adamowicz brought action in the Cleveland Municipal Court against Stanley Klonowski, upon a verbal promise of guarantyship. He set forth in his statement of claim that K. acted as an agent to sell property owned by some other person, and A. bought it, and got a warranty deed, which sets forth that it is clear and free of all incumbrance except taxes and special assessments. There were two writings made by K., one of which he gave to A. Afterwards it was found that there was a sidewalk assessment on the property. A. then brought this action to recover the unpaid tax. It was found, in court, that the writing given by K. to A. sustained the deed, but the one K. retained so read as to exclude the assessment.

But the Court of Appeals declined to decide which of the two contracts was right, as it appeared in the case that A. did not predicate his right to recover upon either of the two written instruments, but upon a verbal promise of guarantyship, and he sets up in his statement of claim that K. was the agent and received a commission for the sale of the property as such agent. Under the statement A. was not entitled to recover, and the judgment rendered in his favor, being upon a verbal promise of guarantyship, was contrary to law. Same will be reversed and a judgment rendered for K.

Attorneys—Stearns, Chamberlain & Rogers, for Klonowski; Chas. A. Lefkovitz, for Adamowicz.

---

## No. 668

### KLINEBELL et al v. HILTON

Ohio Appeals, Franklin County

No. 98856

**748. MARRIAGE—1. Marriage of female under sixteen but over twelve years held voidable only.**

**2. Violation of statute limiting age of marriage does not render marriage of infant void.**

**413. DIVORCE AND ALIMONY—Parents of girl under sixteen cannot annul marriage unless she consent thereto.**

ROGERS, J.

#### Epitomized Opinion
#### Published Only in Ohio Law Abstract

This was a suit to annul a marriage. Klinebell and wife were the father and mother of Katherine Klinebell, alleged to be less than 15 years of age. The infant and the defendant took the necessary steps except obtaining the consent of the parents of the infant, to consummate a marriage in this state. The girl was not made a party to the suit nor was it alleged that she consented to the same. The case came on for hearing on a motion for temporary injunction to enjoin the defendant from consortium with the infant. An affidavit of the infant was filed which showed that the suit was brought against her will and consent and that she had married defendant and lived with him for eight days after said marriage. In overruling the motion, the court held:

1. The marriage of an infant over the common law age of consent, to wit, 12 years, but under the statutory age of 16 years for entering into the marriage relation is voidable, up to arriving at the statutory age or afterwards if the parties have not cohabited after reaching such age.

2. Although the statutory requirement that no female persons of the age of 16 years may be joined in marriage, and under 21 must obtain the consent of the parents, is violated, this violation does not affect the validity of the marriage, unless the female is under 16, when it is merely voidable.

3. Where the marriage contract is voidable by the infant because she is not 16 years of age, the parents of said infant have no right without the consent of the married infant, and against her will, to prevent the consortium between two married persons or to avoid the marriage contract.

Attorneys—J. M. Howard and Eberly & Eberly, for Klinebell; Johnson, Shark, Schooler & Toland, for Hilton; all of Columbus.